FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 JUL 16 PM 2:30

CLERK B. West
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOHNIE GRADY, )
)
    Plaintiff, )
)
v. ) CASE NOS. CV509-039
)            CR507-014
UNITED STATES OF AMERICA, )
)
    Defendant. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 10), to which an objection has been filed (Doc. 14). After a careful de novo review, the Court concurs with the Magistrate Judge's Report and Recommendation, and finds Plaintiff's objection to be without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the opinion of the Court and this case is **DISMISSED**. The **Clerk of Court** is **DIRECTED** to **close this case**.

In his § 2255 motion (Doc. 2), Plaintiff Johnie Grady argued that, at sentencing, his appointed counsel failed to challenge Plaintiff's status as a career offender. (Id. at 1.) Plaintiff reasoned that the court improperly relied upon two uncounseled state convictions when sentencing him as a career offender. (Id.) The Magistrate Judge reports that irrespective of these two "presumptively void" convictions, there are "more than two [other] counseled felony convictions

for marijuana and cocaine possession" on which Plaintiff's career offender status can be based. (Doc. 10 (citing PSI ¶¶ 33-35).) In his objection, Plaintiff argues that these other counseled convictions cannot be included in the career offender calculation "because the offenses [do] not qualify for points." (Doc. 14 at 2.)

A defendant is a career offender if two or more of his previous felony convictions were for controlled substance offenses. See U.S.S.G. § 4B1.1 (2010). A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, . . . that prohibits the possession of a controlled substance with intent . . . to distribute." Id. § 4B1.2(b) (2010). However, Plaintiff has numerous counseled convictions for marijuana and cocaine possession that meet the aforementioned sentencing guidelines. (Doc. 10 at 6 (citing PSI ¶¶ 33-35).) Thus, even if the court were to ignore the uncounseled state convictions,[1] Plaintiff's status as a career offender would still stand because he has at least three other

---

[1] This Court finds Plaintiff's argument that he was denied counsel as suspect, as Plaintiff's PSI indicates that he voluntarily waived his right to counsel for the convictions he argues the court improperly relied upon in labeling him as a career offender. (PSI ¶¶ 27-28.)

counseled convictions for possession of marijuana with intent to distribute.[2]

So ORDERED this 16th day of July 2010.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiff argues that these convictions cannot be used to label him as a career offender since they do not count toward his criminal history. (Doc. 14 at 2.) However at least three counseled convictions for possession with intent to distribute marijuana were awarded criminal history points. (PSI ¶¶ 33-35.) Accordingly, Plaintiff's argument is without merit.